**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTOS ARTEMIO VEGA-AREDO, | No. 10-70814 |
| Petitioner, | Agency No. A098-569-069 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012 [**]

Before:     FERNANDEZ, McKEOWN and BYBEE, Circuit Judges.

Petitioner Santos Artemio Vega-Aredo, a native and citizen of Peru,

petitions for review of a Board of Immigration Appeals order dismissing his appeal

from an immigration judge's (IJ) decision denying his application for asylum,

withholding of removal and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT).  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because Vega-Aredo failed to show his alleged persecutors threatened him on account of a protected ground.  His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")  Contrary to Vega-Aredo's assertions, the Board upheld the IJ's factual findings, and the record does not compel the conclusion that Vega-Aredo established he was persecuted on account of an anti-gang political opinion when he resisted the gang's third recruitment attempt.

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Vega-Arego did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Peruvian government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

10-70814

**PETITION FOR REVIEW DENIED.**